```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION


UNITED STATES,                  |
                                |
          Plaintiff,            |   CIVIL ACTION
                                |
     v.                         |   NO. 1:10-CV-249-CAP
                                |
STATE OF GEORGIA,               |
                                |
          Defendant.            |
```

**O R D E R**

Currently before the court is the Parties' Joint Motion to Enter the Parties' Settlement Agreement [Doc. No. 112]. The court has reviewed the agreement and conferred with counsel for the parties. At the court's suggestion, the parties have agreed to replace Sections VI (H) and VI(I) with the language below:

H. Budget of the Independent Reviewer

1. Within 60 days of the appointment of any Independent Reviewer, the parties shall submit to the Court a mutually agreed upon budget for the Independent Reviewer(s) for the remainder of that fiscal year. Said budget shall be sufficiently detailed as to both the type and amounts of acceptable expenditures so as to facilitate party approval of expense vouchers and prompt payments to the Independent Reviewer(s).

2. The parties anticipate that the budget for the Independent Reviewer(s) for fiscal year 2012 shall be no more than $250,000, and that the budget for fiscal year 2011 shall be no more than the total of 1/12 of $250,000 for every month or part thereof remaining in the fiscal year at the time this agreement enters into effect.

3. The Independent Reviewer(s) will provide the parties a draft proposed budget no later than 30 days in advance of the date the parties must submit the agreed budget to the Court. The parties

shall raise with the Independent Reviewer(s) any objections they may have to the draft proposed budget within 10 days of their receipt of said draft. If the parties are unable to resolve any objection to the proposed budget prior to the time for submission to the Court, the parties will notify the Court as follows:

- the fact that the parties have failed to agree on a budget;

- the name of the mutually agreed upon third party mediator to whom the objections have been submitted at the parties expense for resolution; and

- a proposed new date for submission of an agreed budget to the Court.

In the event the parties are unable to agree on a budget, the Court will be so apprised.

4. For each year after the initial agreed budget is submitted to the Court, the Independent Reviewer(s) and the parties shall submit the annual budget to the Court in accordance with the process set forth above, except that the agreed budget shall be submitted to the Court no later than 60 days prior to the end of the prior fiscal year.

5. At any time, the Independent Reviewer(s) may submit to the parties for approval a proposed revision to the budget, along with any explanation of the reason for the proposed revision. Should the parties and Independent Reviewer(s) not be able to agree on the proposed revision, the Court will be notified as set forth in paragraph H.3. above for objections to the budget.

I. Reimbursement and Payment Provisions

1. The cost of the Independent Reviewer(s) including the cost of any consultants to the Reviewer(s) shall be borne by the State in this action. The United States will bear its own expenses in this action.

2. Within 60 days of the effective date of this agreement, the State shall deposit $100,000 into the Registry of the Court for interim payment of costs incurred by the Independent Reviewer(s). This deposit and all other deposits pursuant to this Order shall be held in the Court Registry Investment System and shall be subject to the standard registry fee imposed on depositors. Within 45 days

of the Clerk's issuance of any payment from these funds, the State shall replenish the fund with the full amount paid by the Clerk in order to restore the total amount of funds on deposit to $100,000.

3. Within 30 days of the end of the month, the Independent Reviewer(s) shall submit monthly statements to the parties detailing all expenses the Independent Reviewer(s) incurred during the prior month. Said statements shall be submitted only by the Independent Reviewer(s) and shall include all expenses incurred by or at the direction or request of the Independent Reviewer(s), including, but not limited to the expenses of associated consultants. The parties shall review such statements for reasonableness and the State shall review them for compliance with State regulations. Upon completion of the parties' review, but in no case more than 30 days after submission of the statements by the Independent Reviewer(s), the parties will notify the Independent Reviewer(s) of their approval of the statement. Upon receipt of the parties' approval, the Independent Reviewer(s) may submit the statement to the Court for payment. The statement submitted to the Court will contain the following sentence signed by the Independent Reviewer(s): This statement has been reviewed and approved by the parties. In the event the parties cannot agree on approval of a statement, the parties will notify the Court as set forth in paragraph H.3. herein for objections to the budget.

4. Upon receipt of an Order from the Court directing payment, the Clerk will ensure timely payment of all approved statements received from the Independent Reviewer(s).

5.  The Independent Reviewer(s) shall not enter into any contract with the State while serving as the Independent Reviewer. If an Independent Reviewer resigns from his or her position as Independent Reviewer, the former Independent Reviewer may not enter into any contract with the State on a matter related to this Agreement without the written consent of the United States while this Agreement remains in effect.

6. Nothing in this provision shall be interpreted as altering the role of the Independent Reviewer(s). The parties agree that an Independent Reviewer is not an agent of the Court, nor does an Independent Reviewer have any authority to act on behalf of the Court.

The court HEREBY adopts the Settlement Agreement [Doc. No. 112, pp. 10-50] as revised above.  The motion for immediate relief [Doc. No. 90] is DISMISSED as moot.  The clerk is DIRECTED to administratively close this civil action.  The court will retain jurisdiction to enforce the Settlement Agreement (as revised).

SO ORDERED, this 29th day of October, 2010.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge