# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF GEORGIA, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. <br> 1:10-CV-249-CAP |

## ORDER

The Court grants the Parties' joint motion to remove from active monitoring certain discrete provisions of the two settlement agreements in this case where the Parties and the Independent Reviewer agree that the State has achieved substantial compliance.

Specifically, the Court directs that the Independent Reviewer need not actively monitor the following provisions in the Settlement Agreement, ECF No. 115, Oct. 29, 2010:

- § III.A.1.b. (Legal Changes on DD State Hospital Admissions);
- § III.A.2.b.i.(A)(B)(C)(D) (Community Waivers and Family Supports);
- § III.A.2.b.i.(E, last two sentences only) (Community Waivers and Family Supports);
- § III.B.2.a.i.(E)(G)(H) (ACT);

- § III.B.2.a.ii.(B)(C) (CST);
- §§ III.B.2.c.i.(C) and III.B.2.c.ii.(C) (Bridge Funding); and
- § III.B.2.d. (Supported Employment).

The Court also directs that the Independent Reviewer need not actively monitor the following provisions in the Extension Agreement, ECF No. 259, May 27, 2016:

- § 6 (Community COMP Waivers);
- § 19 (Community COMP and NOW Waivers); and
- §§ 32 and 33 (Bridge Funding).

The terms "active monitoring" and "actively monitor" mean that the Independent Reviewer need not conduct the factual investigation and verification of data and documentation activities set forth in the Settlement Agreement at § VI.B., at this time.  The State shall maintain compliance with these provisions until the case is dismissed.

**SO ORDERED** this 30th  day of September, 2024.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge