Declaration of Elizabeth Jones

In the Matter of

United States of America v. the State of Georgia

Civil Action No. 1:10-CV-249-CAP

I have been the Independent Reviewer since the inception of the Settlement Agreement and its Extension Agreement. My role involves the monitoring of the State's compliance with its obligations under these Agreements and subsequently advising the Court whether a determination of compliance is warranted.

In order to monitor compliance and advise this Court, my consultants and I conduct fact-finding through on-site visits, documentation review and analysis, interviews with the individuals in the target populations who are included under the terms of the Agreements and their families, their service providers, including staff of the Department of Behavioral Health and Developmental Disabilities (DBHDD) and other State agencies. I meet on a regular basis with the Commissioner of DBHDD, Kevin Tanner. I appreciate his attention to the obligations under these Agreements as well as the support of the Governor and the General Assembly. The Parties and I have a productive working relationship; we work together to identify and address areas of concern. The attorneys for the United States and for the State of Georgia have carefully researched and confirmed the facts and data leading to this Joint Motion.

I speak to and meet regularly with representatives of the Amici and the Georgia Advocacy Office, often with counsel for the United States, to update them on current developments, including conferring with them on both the intent to file this Joint Motion and its content, and to gain their input and insight on ongoing areas of concern.

I frequently solicit observations from local and national advocates for people with a developmental disability or serious and persistent mental illness. I visit community residences, programs, hospitals, jails, shelters, and prisons throughout Georgia and, in some instances, have conferred with local courts in order to gain sufficient and reliable information about the State's performance in this matter.

Based on my reviews, information from my outside sources, and data and information from the State, I support the conclusions set out in this Joint Motion. I reviewed the detailed information and data provided by the State. I completed independent examinations of a sample of Assertive Community Treatment (ACT) Teams, Community Support Teams (CSTs), Family Support Services, and Supported Employment. I verified the provision of Bridge Funding and Waiver services.

Although there are discrete requirements, such as certain staffing ratios, that have not been fully met and, therefore, will be subject to further monitoring, the State has achieved substantial compliance with the provisions cited in this Joint Motion.

I have offered, and will continue to offer, specific recommendations to senior State officials, including Commissioner Tanner, that, if implemented, would assist the State in reaching compliance with outstanding concerns referenced in this document. In fact, the Commissioner and I have begun discussions about the implementation plan referenced in this Joint Motion.

Throughout the years, I have consistently focused on admissions to and transitions from State Hospitals, obligations at the core of the Agreements. I concur that admissions to State Hospitals solely on the basis of a primary diagnosis of a developmental disability have virtually ceased, as required by the Agreements, but should remain subject to active monitoring. In addition, I will continue to monitor the admissions of people with a developmental disability <u>and</u> a co-occurring psychiatric diagnosis to State Hospitals, typically in a mental health crisis. It is my professional judgment that these admissions could be reduced or prevented if there were a more robust community-based system of individualized supports and clinical resources for people with behavioral challenges. My discussions with the Commissioner will continue to urge more significant reform and resources for these individuals in order to prevent institutionalization in State Hospitals, correctional settings, and out-of-state facilities.

I will work with the Parties to address any ongoing concerns. I expect their cooperation to continue as I prepare to report on the Agreements' remaining obligations.

I thank the Court for its wise stewardship of this case. I respectfully request that the Court approve this Joint Motion and, to discipline future efforts to achieve compliance with the Agreements' remaining provisions, instruct the Parties to develop an implementation plan with deadlines, as referenced in the Joint Memorandum.

Respectfully Submitted, this <u>30th</u> day of September, 2024.

Elizabeth Jones, Independent Reviewer