# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:10-CV-249-ELR |
| ) | |
| THE STATE OF GEORGIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO TERMINATE MENTAL-HEALTH RELATED PROVISIONS

For the reasons set forth in the Parties' accompanying joint memorandum in support, the Parties respectfully request that the Court enter the proposed Order attached hereto.  The Parties and the Independent Reviewer agree that the State has achieved substantial compliance with all the provisions in the Settlement Agreement (SA), ECF No. 115, Oct. 29, 2010, and of the Extension of Settlement Agreement (EA), ECF No. 258-1, May 18, 2016, related to provision of services for people with Serious and Persistent Mental Illness (SPMI), and that the Parties' differing interpretations of some of the provisions regarding Supported Housing warrant new terms.  Accordingly, the proposed Order terminates all provisions of Section III.B of the SA and Paragraphs 30-40 of the EA.  Further, the proposed Order requires the

State to provide a total of 4,000 Supported Housing Beds available to members of the Target Population, which is a compromise level that would not require the State to add more than 541 Supported Housing Beds above those currently available. Of these, at least 404 shall be funded by Qualified Georgia Housing Vouchers, and any remaining need may be satisfied through the State's use of additional Supported Housing, including Georgia Housing Vouchers.

      The proposed relief is consistent with Executive Order 14321, in that the State is empowered to identify individuals who need institutional levels of care and serve them in its State Hospitals, while serving in integrated settings individuals who are appropriate for, and choose (or, to the extent legally authorized, their guardians choose), such settings. Nothing in the proposed Order is intended to require the State to close institutional beds, nor to prohibit the State from seeking through existing judicial due process the civil commitment of individuals who meet the standard for civil commitment.

Respectfully submitted, this 20th day of January, 2026.

FOR THE UNITED STATES:

| | |
|---|---|
| THEODORE S. HERTZBERG<br>United States Attorney<br>Northern District of Georgia | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
| | R. JONAS GEISSLER<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| | PATRICK MCCARTHY<br>Chief |
| */s/ Aileen Bell Hughes*<br>AILEEN BELL HUGHES<br>Assistant United States Attorney<br>United States Attorney's Office<br>Georgia Bar No. 375505<br>Northern District of Georgia<br>600 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA  30303<br>Phone: (404) 581-6000<br>Fax: (404) 581-4667<br>Email: aileen.bell.hughes@usdoj.gov | */s/ Benjamin O. Tayloe*<br>BENJAMIN O. TAYLOE (D.C. Bar 425691)<br>Deputy Chief<br>Special Litigation Section<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Ave., NW – 4CON<br>Washington, D.C. 20530<br>Phone: (202) 305-5141<br>Email:  Benjamin.tayloe@usdoj.gov |

FOR THE STATE OF GEORGIA:

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General<br>Georgia Bar No. 112505 | */s/ Josh Belinfante*<br>JOSH BELINFANTE<br>Special Assistant Attorney General<br>Georgia Bar No. 047399 |
| BRYAN K. WEBB<br>Deputy Attorney General<br>Georgia Bar No. 743580 | Robbins Alloy Belinfante Littlefield LLC<br>500 14th Street, NW<br>Atlanta, GA  30318<br>Phone: (678) 701-9381 Fax: (404) 856-3255 |
| JASON NAUNAS<br>Senior Assistant Attorney General<br>Georgia Bar No. 142051<br>State Law Department<br>40 Capitol Square, SW<br>Atlanta, GA  30334<br>Phone: (404) 458-3416 Fax: (404) 463-1062 | Email: josh.belinfante@robbinsfirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, a copy of the foregoing document was filed electronically with the Clerk of Court and served on all parties of record by operation of the Court's CM/ECF system. I also certify, consistent with L.R. 5.1(C) and 7.1(D), that this document has been prepared in 14-point Times New Roman font.

                                            */s/ Josh Belinfante*
                                            Josh Belinfante