**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>            Plaintiff,                       )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>THE STATE OF GEORGIA, et al., )<br>                                                      )<br>            Defendants.                  )<br>_____)  | CIVIL ACTION NO.<br>1:10-CV-249-ELR |

**[PROPOSED] ORDER**

Before the Court is the Parties' joint motion to (1) terminate the existing mental-health related sections from the two settlement agreements in this case—the 2010 Settlement Agreement, ECF No. 112, October 19, 2010 (the "SA"), and the 2016 Extension Agreement, ECF No. 258-1, May 18, 2016 (the "EA") (collectively, the "Agreements")—and (2) require the State to provide certain supported housing at a compromised level.  The Parties seek this relief pursuant to Sections VII.B and VII.E of the SA and Paragraph 49 of the EA.  Based on the agreement of the Parties and the Independent Reviewer, and in light of the State's significant achievements providing behavioral health related services to Georgians with serious and persistent mental illness (SPMI), which have substantially complied with certain provisions of the Agreements, the Court GRANTS the Parties' joint motion.

Specifically, the Court orders that all provisions of Section III.B of the SA and Paragraphs 30-40 of the EA be terminated.  In addition, and based on the

agreement of the Parties and suggestion of the Independent Reviewer, the Court further orders that:

1. The Parties agree and the Independent Reviewer has verified that, at the time the Parties filed the Joint Motion with this Court, the State made 3,459 Supported Housing Beds available to members of the Target Population in a manner that complies with the SA and the EA.

2. The Court now orders the State to provide a total of 4,000 Supported Housing Beds available to members of the Target Population, which represents a compromised level that would not require the State to add more than 541 Supported Housing Beds above those currently available. Of the new 541 Supported Housing Beds required by this Order, at least 404 shall be funded by Qualified Georgia Housing Vouchers, and any remaining need may be satisfied through the State's use of additional Supported Housing, including Georgia Housing Vouchers, that are made available to the members of the Target Population.  Consistent with Section III.B.2.c.i of the SA and Paragraph 37 of the EA, at least 50% of the 4,000 Supported Housing Beds shall be provided in scattered-site housing, which requires that no more than 20% of the units be in one building, or no more than two units in one building (whichever is greater).

3. The new 404 Qualifying Georgia Housing Vouchers shall not be provided solely in congregated housing settings, and the State shall materially maintain its current policies and practices that prioritize scattered site housing when administering the new 404 Qualifying Georgia Housing Vouchers.

4. The State shall accomplish the obligations in Paragraph 2 of this Order on or before September 1, 2028.

5. Once the State contends that it has substantially complied with the obligation set forth in Paragraph 2 above, the State shall provide written notice of its substantial compliance to the United States and the Independent Reviewer. Within ninety days of the State's notice, the Independent Reviewer shall complete her verification of the State's representation. The verification shall be limited to confirming that the State has made 541 Supported Housing Beds available since the day it filed the Joint Motion, and that at least 404 of those new Supported Housing Beds are provided through the use of Qualifying Georgia Housing Vouchers such that at least 50% of the new 404 Supported Housing Beds are provided in scattered-site housing, and that the State has maintained its current policies and practices that prioritize scattered site housing.

6. If the Independent Reviewer verifies that the State has achieved substantial compliance with the terms set forth in Paragraphs 2-3, the Parties will file a notice of substantial compliance.  Notwithstanding the provision of Section VII.A.2 of the SA, the State shall not be required to demonstrate substantial compliance with the new requirements of this Order for one year after the Independent Reviewer verifies substantial compliance, and the Court may enter a new order terminating these provisions upon review of the Parties' notice of substantial compliance.

For purposes of this Order, the Court defines certain terms as follows:

1. "Qualifying Georgia Housing Vouchers" means a type of housing assistance that provides individuals with housing support and supportive services to promote independence, recovery and community integration. "Supported Housing" is assistance, including psychosocial supports, provided to persons with SPMI to assist them in attaining and maintaining safe and affordable housing and support their integration into the community.  Supported housing includes integrated permanent housing linked with flexible community-based services that are available to consumers when they need them.  The Georgia Housing Voucher program offered and funded by the State in 2025 is consistent with this definition of Qualified Georgia Housing Voucher.

2. "Target Population" means persons with SPMI who are not a danger to themselves or others (including while involuntarily committed in that status), currently being served in State Hospitals, frequently readmitted to the State Hospitals, frequently seen in emergency rooms, chronically homeless, and/or are being released from jails or prisons; as well as individuals with SPMI and forensic status in the care of DBHDD in the State Hospitals if the relevant court finds that community services are appropriate; and/or have a co-occurring condition, such as substance abuse disorders or traumatic brain injuries; and who also elected (or, to the extent legally authorized, their guardians' elect) to use the Supported Housing Beds.

**SO ORDERED** this ___ day of _____, 2026.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE